## LEVI E. FELTY v. D. K. CALHOON.

139
29 SC 378 250

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS NO. 1 of ALLEGHENY COUNTY.

Argued November 8, 1890—Decided January 5, 1891.
[To be reported.]

(a) A contract for the sale of land described the property sold as having a frontage of 400 feet on a certain road, starting at a given point and running along the road in a given direction, and extending back, along the line of one Drew, " and another line to be fixed, sufficient, with said frontage, to make two acres of land : "

1. The plain meaning of the contract was that the lot should have a front of 400 feet on the road and should extend back, of that width, to a depth sufficient to make two acres ; wherefore, as the rear line could be fixed by a surveyor with mathematical precision, the description was sufficiently certain to justify a decree for specific performance.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 193 October Term 1890, Sup. Ct. ; court below, No. 556 December Term 1889, C. P. No. 1, in Equity.

On November 6, 1889, Levi E. Felty filed a bill in equity against D. K. Calhoon, praying for specific performance of. a written agreement signed by the defendant in the following form :

"HOMESTEAD, PA., July 19, 1889. Received of Levi E. Felty the sum of ten dollars, hand money, on purchase of a piece of ground situate in Mifflin township, county of Allegheny, and state of Pennsylvania, having a front of four hun-

dred feet on West's run township road; starting at the corner of land now belonging to Frederick Drew, thence running along said township road towards the Pittsburgh, Virginia & Charleston railroad, said distance of four hundred feet, and extending back along line of said Drew and another line to be fixed, sufficient, with said frontage, to make two acres of land; being a part of a larger tract of land now belonging to D. K. Calhoon, Esq. The price of said described land is two hundred and twenty-five dollars per acre, cash, on tender of good and valid general warranty deed, within thirty days from date hereof, clear of all encumbrances.

"I accept the above.                    D. K. CALHOON."
              "LEVI E. FELTY.
"Witness to both: D. R. JONES."

The bill averred, inter alia, that the defendant had refused to meet the plaintiff, for the purpose of fixing the last boundary line referred to in the agreement; whereupon the plaintiff, at his own expense and in a reasonable manner, established a line, which, with the other lines mentioned in the agreement, made and bounded the two acres agreed to be conveyed; but, if the defendant should object to the line so fixed by the plaintiff, the plaintiff was willing to accept from the defendant any other line he might establish, in a reasonable manner, in accordance with said agreement; that the plaintiff always had been and still was willing and prepared to pay to the plaintiff the full amount of the purchase money on tender of a deed for the land by the defendant, but that the defendant peremptorily refused within thirty days from the date of the agreement to make a deed therefor to the plaintiff, and afterwards refused to execute a proper deed therefor presented to him by the plaintiff.

The defendant demurred to the plaintiff's bill, assigning, as causes of demurrer, the following reasons:

"1. That the bill does not set out any property to be conveyed or any tender of the purchase money therefor, with sufficient certainty and definiteness to base a decree thereon.

"2. The bill, as a whole, discloses no facts for which an action at law would not lie and give an adequate remedy.

"3. The bill does not set out such a state of facts as would entitle the plaintiff to the equitable relief prayed for."

## Arguments.

After argument, the court, STOWE, P. J., sustained the demurrer by the following opinion:

I do not see how I can avoid sustaining the demurrer filed to the plaintiff's bill. The agreement fails to set out anything by which the piece of land can be identified. Indeed, its very terms show that it was not defined, even in the minds of the contracting parties.

There is only one line given with certainty, viz., 400 feet along West's run township road towards the Pittsb., V. & C. railroad, starting at corner of land of Frederick Drew. The other description, " extending back along line of said Drew and another line to be fixed, sufficient, with said frontage, to make two acres," is so vague as to amount to nothing. Drew's line can be located, but another line " to be fixed " with said frontage to make two acres, shows that the line was not then determined upon ; and the agreement gives no means of determining where it shall start or how long it shall be, so as to include the two acres. There is nothing upon which we can base the maxim, Id certum est quod certum reddi potest. Demurrer sustained.

—A final decree having been entered, dismissing the bill, the plaintiff took this appeal, specifying that the court erred:

1. In dismissing the plaintiff's bill.
2. In not overruling defendant's demurrer.
3. In not entering the decree prayed for.

*Mr. D. R. Jones*, for the appellant :

1. In the construction of contracts equity follows the law ; and, therefore, this agreement will have in this case, as it would have in a court of law, a fair reading, and not a strained one. It is not necessary that the description of the land should be so full as to be completely known by a mere reading of the language: Pomeroy on Specif. Perf., § 152 ; Waterman on Specif. Perf., § 144. Certainty to a common intent is sufficient: 2 Lead. Cas. Eq., 1030. And the court will look at the spirit of the contract to determine its meaning : Herdic's App., 58 Pa. 211. Our position is, that the words " another line to be fixed," mean nothing more nor less than a survey of its location on the ground, and a calculation of its length, so that with the other lines mentioned it may bound the two acres. There

was a contract completed, except the ascertainment of the location of one line and the calculation of the length of the side lines. Therefore, if the court has the means at hand to ascertain the location, the maxim, Id certum est quod certum reddi potest, applies, and specific performance should be decreed: Bispham's Eq., § 377; Fry on Specif. Perf., § 207; Herdic's App., 58 Pa. 211. If the court had given this writing to any surveyor, he would not have had a particle of difficulty in locating the two acres agreed to be surveyed.

2. But, assuming the correctness of the defendant's view, that the contract as signed was not a complete one, still, if what was left to be done can be done by the court, consistently with the contract, specific performance will not be refused: Vandoren v. Robinson, 1 Green N. J. Eq. 256; Milnes v. Gery, 14 Ves. 401. In those cases, it was held that a contract to sell "at a fair price" could be specifically enforced. The only difference between them and the case in hand is, that there the price was to be fixed and here a line is to be fixed. Therefore, there would have been nothing inconsistent with either the letter or the spirit of this agreement, had the court sent a surveyor out to fix the location, or adopted any means suited for that purpose. But, if we assume that something material to a completed contract was postponed for future settlement, it was the duty of the defendant to meet the plaintiff for that purpose, which it is admitted he refused to do. So far as appears, he has no objection to the line fixed by the plaintiff, but if he have any, our offer to accept any other line fixed by him removes all reason for a strict application of the statute of frauds: Story's Eq. J., § 770; and makes it the fault of the defendant himself if any uncertainty or indefiniteness remain in the agreement, and such indefiniteness he cannot set up to defeat specific performance: Fry on Specif. Perf., § 207; Bispham's Eq., § 377; Pritchard v. Ovey, 1 J. & W. 396.

There was no appearance for the appellee.

OPINION, MR. CHIEF JUSTICE PAXSON:

The learned judge below declined to decree specific performance, for the reason that the description contained in the con-

Opinion of the Court.

tract was too vague to identify the lot of ground in question. If he is right as to his facts, his conclusion is accurate. The description is as follows:

"A piece of ground situate in Mifflin township, county of Allegheny, and state of Pennsylvania, having a front of four hundred feet on West's run township road; starting at the corner of land now belonging to Frederick Drew, thence running along said township road towards the Pittsburgh, Virginia & Charleston railroad, said distance of four hundred feet, and extending back along line of said Drew and another line to be fixed, sufficient, with said frontage, to make two acres of land; being a part of a larger tract of land now belonging to D. K. Calhoon, Esq."

The object of the description is to identify the land with certainty. The learned judge was of opinion that, because one line remained to be fixed, it was impossible to identify it. If, however, the contract contains the means by which the lines can be run and marked out, the difficulty disappears. Id certum est quod certum reddi potest. The plain meaning of the contract is this: The lot is to have a front of four hundred feet on West's run township road. It is then to run back, of that width, along Frederick Drew's land, to a depth sufficient to make two acres. How far it must go to make two acres, can be ascertained with mathematical precision. A competent surveyor could run the lines, and locate the unfixed line, in an hour. It is evident that when the parties drew the agreement they did not know how deep the lot must be to give the two acres; that was left to be fixed by a survey. The case is too plain to require elaboration.

> The decree sustaining the demurrer is reversed, at the cost of the appellee; the bill is reinstated; and it is now ordered that a decree be entered for the plaintiff upon the demurrer.