## Hannon v. Carroll.

*Vendor and vendee—Sale of real estate—Description of property—Specific performance—Equity.*

1. A contract for the sale of real estate sufficiently describes the property where it states that it is hotel property, situated at a certain number on the north side of a designated street in a borough named.

*Specific performance—Real estate—Lease—Option to buy—Exercise of option—Tender of purchase money.*

2. Where a lessee, having in his lease an option to purchase the demised premises, notifies the lessor of his intention to exercise the option, such notice is not equivalent to, and does not relieve him from the necessity of, an actual tender of the purchase money, as a prerequisite to a decree of specific performance of the agreement of sale.

Demurrer to bill in equity. C. P. Schuylkill Co., March T., 1922, No. 3.

*J. O. Ulrich* and *Krebs & Koch,* for plaintiff.

*R. J. Graeff* and *John F. Whalen,* for defendant.

BERGER, J., Feb. 27, 1922.—The defendant has demurred to the plaintiff's bill for the specific performance of a contract to convey real estate. The fifth and sixth grounds of demurrer, alone, were pressed at the argument. The fifth is that the plaintiff has failed to describe the property he seeks to have conveyed to him. In the contract of sale the property is described as the "Hotel Property situate No. 109 on the north side of East Broad Street in Tamaqua, Pa.," of George J. Carroll, the lessor or vendor. This is a sufficient description: Felty *v.* Calhoon, 139 Pa. 378; O'Connell *v.* Cease, 267 Pa. 288.

The sixth ground of demurrer is:

"6. The plaintiff has failed to aver in his bill that he tendered to the defendant the purchase money stated in the bill and the agreement attached thereto, marked 'Exhibit A.' "

The allegation of tender in the plaintiff's bill is thus stated:

"6. That in the month of July, 1921, and on or about the 5th day of October, 1921, the plaintiff notified the defendant, orally, that he wished to exercise his right and option to purchase said property, and was then, and is now, ready and willing to comply with all and singular the clauses in said agreement on his part to be kept and performed; that he has been ready, and is now ready, with the purchase money."

Therefore, the only question remaining for determination is whether the defendant's above recited allegation of tender is sufficient to sustain the bill.

The agreement sought to be enforced by the bill created the relation of landlord and tenant between Carroll, the defendant, and Hannon, the plaintiff, with a conditional option on the part of the latter to purchase the property on or before Oct. 16, 1921, upon the payment of $20,500 to the defendant. Under the authority of Master *v.* Roberts, 244 Pa. 342, the tender, as alleged in the sixth paragraph of the plaintiff's bill, was undoubtedly sufficient notice to the defendant of the plaintiff's exercise of his option, and taking all the other allegations of the bill to be true, as we must on demurrer, it served to terminate the relation of landlord and tenant previously existing between the parties into that of vendor and vendee under the agreement. In the case just cited, however, the plaintiff, after he had converted his lease into an agreement of purchase and sale between himself and the owner, established affirmatively a refusal on the latter's part to carry out his contract, by proving a refusal to convey and "to accept any offer" of purchase money: 10 Schuyl. Legal Rec. 77, 82.

Hannon v. Carroll.

In our opinion, though plaintiff's notice to the defendant in July, 1921, and on or about Oct. 5, 1921, that he intended to convert his lease into an agreement of sale and purchase, was sufficient for that purpose; it was not equivalent to, and it did not relieve him from the necessity of, an actual tender of the purchase money due the vendor under the agreement as a prerequisite to the delivery of a deed to him or a decree of specific performance against him. See Johnston v. Glazier, 1 D. & C. 56. The present proceeding is one in affirmance of the contract of sale and purchase, not in disaffirmance of it, as was the case in Eberz v. Heisler, 12 Pa. Superior Ct. 388, cited by the plaintiff; hence, the purchaser was not relieved from the necessity of making tender. The demurrer must, therefore, be sustained and the bill dismissed.

And now, Feb. 27, 1922, demurrer sustained and bill dismissed, at the cost of the plaintiff.

From M. M. Burke, Shenandoah, Pa.