## Cohen *v.* Jones et ux., Appellants.

*Vendor and vendee—Statute of frauds—Description of lands—Location on street—Name of place—Specific performance—Equity.*

1. The statute of frauds requires land conveyed to be described with such certainty and definiteness as to avoid the necessity of resorting to parol proof to determine the property the parties intended should be transferred. If this appears, the actual identification of the land itself may be properly the subject of parol proof.

2. A description is sufficient which designates the property as a certain lot owned by the woman signer of the agreement, situate on a street named in a town, township and county named, with dimensions given and improvements described, and the location on the street designated as "Worden Place."

3. Where a decree for specific performance directs a conveyance of the land as described in the contract, defendant cannot complain because there is a different and larger dimension of the lot stated in the bill in equity.

Argued April 12, 1922. Appeal, No. 397, Jan. T., 1922, by defendants, from decree of C. P. Luzerne Co., Oct. T., 1921, No. 5, on bill in equity, in case of Benjamin T. Cohen v. G. W. Jones and Ella V. Jones. Before MOSCHZISKER, C. J., FRAZER, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Bill for specific performance. Before FULLER, P. J.
The opinion of the Supreme Court states the facts.
Decree for plaintiff. Defendants appealed.

*Error assigned,* inter alia, was decree, quoting it.

*R. B. Alexander,* for appellants.—The description was
incomplete: Barnes v. Rea, 219 Pa. 287; Agnew v. Land
Co., 204 Pa. 192; Safe Deposit & Trust Co. v. Coal &
Coke Co., 234 Pa. 100; Weisenberger v. Huebner, 264
Pa. 316; Hammer v. McEldowney, 46 Pa. 334; Mellon v.
Davison, 123 Pa. 298; O'Connell v. Cease, 267 Pa. 288.

*C. B. Lenahan,* for appellee, filed no printed brief.

OPINION BY MR. JUSTICE FRAZER, May 25, 1922:

Plaintiff entered into an agreement with defendants
for the purchase of "a certain lot of land owned by the
female signer hereof, situate on East Avenue, Worden
Place, Harvey's Lake, Lake Township, Luzerne County,
Pennsylvania, said plot being fifty feet in front on East
Avenue and sixty-three feet more or less in depth, and im-
proved with a small frame dwelling house." Plaintiff
subsequently tendered the consideration in accordance
with the terms of the agreement; defendants, however,
refused to convey, whereupon plaintiff filed this bill for
specific performance. The defense is the writing did not
sufficiently describe the land within the statute of
frauds. From a decree in plaintiff's favor defendants
appealed.

The bill, as amended, avers the land described in the
agreement is the only land owned by defendant, Ella B.
Jones, "the female signer," on East Avenue, Worden
Place, Harvey Lake, Lake Township, Luzerne County,
Pennsylvania, and that it was part of land conveyed to
her by deed duly recorded, the volume and page of the
deed book being recited. The answer admits these aver-
ments and the court below found the facts as stated.

The statute of frauds requires land conveyed to be described with such certainty and definiteness as to avoid the necessity of resorting to parol proof to determine the property the parties intended should be transferred. If this appears, the actual identification of the land itself may be properly the subject of parol proof. "It is quite impossible in most cases so to describe land as to avoid the necessity of parol proof for its identification; for, whether it be described by metes and bounds, by monuments erected upon the ground, or by adjoiners, its identification necessarily becomes the subject of parol proof": Phillips v. Swank, 120 Pa. 76, 85. "If the subject-matter, the land, be described, we admit evidence in order to apply the description to the land; but we cannot admit parol evidence, first, to describe the land sold, and then, to apply the description": Ferguson v. Staver, 33 Pa. 411, 413. The various applications of the rule have been recently discussed by this court in Shaw v. Cornman, 271 Pa. 260, where we held an offer to sell "the place you now occupy" followed by acceptance and giving of a receipt for payment on account in which the property was referred to by street number in a designated city was sufficient to satisfy the statute of frauds.

In this case the description designates the property as a certain lot owned by the woman signer and is complete in description except as to the precise location on East Avenue, which is given as Worden Place, thus fixing the property at a definite part of the avenue. We have the precise locality thus confined within narrow limits. These facts distinguish the case from Mellon v. Davison, 123 Pa. 298, where the property was located as "fronting about 190 feet on the P. R. R. in the 21st Ward, Pittsburg, Pa.," and Weisenberger v. Huebner, 264 Pa. 316, where the city in which the property was located was not mentioned the only description being the "property at 3 & Spruce," and bring it within the reasoning of Ranney v. Byers, 219 Pa. 332, and other cases, which held the designation of a property by a particular

name sufficient description within the statute. It being also conceded that Mrs. Jones owns but one piece of land in the particular locality, this fact would tend to eliminate any difficulty in identifying the property.

The contract calls for a frontage of 50 feet with a depth of 63 feet "more or less," while the bill avers a frontage of 60 feet and a depth of 75 feet "more or less." Inasmuch as the decree entered by the court below merely ordered a conveyance of the land described in the contract, defendants have no just cause to complain.

The decree of the court below is affirmed at the costs of appellants.