Cheney, Appellant, *v.* Carver.

Argued April 16, 1952. Before DREW, C. J., STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Frederick Ely Smith,* with him *Thomas Ross* and *Ross & Smith,* for appellants.

*John P. Fullam* and *Willard S. Curtin,* with them *William J. Begley,* and *Eastburn, Begley & Fullam,* for appellees.

OPINION BY MR. CHIEF JUSTICE DREW, May 26, 1952:

This bill in equity was filed by Gilbert A. Cheney and his wife, plaintiff, to set aside a deed from Rachel B. Carver, E. Howell Windle and his wife to Danherst Corporation, all of whom are named as defendants, and to compel the individual defendants to convey the property to plaintiffs. The basis for this claim is founded upon an option clause contained in a lease to plaintiffs. The learned court below sustained preliminary objections to the bill and entered a decree dismissing it. Plaintiffs have appealed.

On July 29, 1947, Rachel B. Carver and E. Howell Windle, who jointly owned a 152-acre farm in Falls Township, Bucks County, leased to plaintiffs "a certain messuage or tenement . . . bounded and described as follows, viz.: Being of stone and known as The Arches, Hulmeville Road, Oxford Valley. Free use of the one car garage and certain land to the front and the rear of the dwelling." The lease further provided that if the lessors should decide to sell, plaintiffs "shall have the first option, to buy the property." That lease was renewed from year to year, the last renewal being on July 29, 1950.

On July 11, 1951, the individual defendants conveyed the entire 152-acre tract to Danherst Corporation. Plaintiffs then filed this bill in equity setting forth the above facts and alleging further that they were prepared to exercise the option given them under the lease. Preliminary objections were sustained on the grounds that the lease and option covered only a part of the premises sold and not the whole tract and that the description was too vague and indefinite to be specifically enforceable. These conclusions were obviously correct.

The lease does not purport to cover the whole tract. The description includes only the stone house known

as The Arches together with the free use of a garage and certain land to the front and rear of the dwelling. Plaintiffs do not contend here that the lease included the whole farm. They do, however, argue that the option did cover the entire premises and that they should be permitted to introduce parol evidence to prove it. This they cannot do. The only property described in the lease is that which we have set forth above. Certainly there is nothing in the option clause of the lease agreement to extend it to the whole farm. In fact, when the lease provides that plaintiffs "shall have the first option to buy the property" it must mean the property described in the lease. To allow plaintiffs to introduce evidence to the contrary would be to permit them to vary the terms of the writing in violation of the parol evidence rule.

This case is in no way analogous to the cases where property is designated by name or lot number. Such a description is adequate even though additional evidence may be needed for conveyancing purposes to ascertain the metes and bounds: *Suchan v. Swope*, 357 Pa. 16, 20, 53 A. 2d 116. Here, on the other hand, the description is the house, garage and "certain land to the front and the rear of the dwelling." That language describes nothing. Where a description is sufficient so that one may determine the exact limits of the property included by reference to a plan, deed or other similar record, the law is satisfied, but where, as here, a purported description has no definitive value it cannot support a bill for specific performance. See *Suchan v. Swope*, supra. For these reasons the bill was properly dismissed.

Decree affirmed at plaintiffs' costs.