## Prager v. McAdam

*Carmen V. Marinaro*, for plaintiff.

*Lee C. McCandless*, for defendant.

SHUMAKER, P. J., January 15, 1960.—This matter is before the court on preliminary objections to a complaint in equity.

The complaint avers that defendant is the owner of a 63-acre tract of land in Clinton Township in Butler County and sets forth the description thereof. It further alleges that she orally agreed to sell the said tract to plaintiff for $8,000, reserving two acres to herself, and received a down payment of $20 from plaintiff, giving him the following writing:

"Dec. 20—1958

Received from Ralph J. Prager

Twenty dollars——————————————$20.00

deposit on 61 acres more less

total $8000

price on farm

Edna McAdam

Ralph J. Prager

Glenshaw R. D. 1"

Defendant has refused to go through with her deal and this action was brought to compel specific performance.

The preliminary objections filed set up the statute of frauds as a defense.

This famous and familiar statute of March 21, 1772, 1 Sm. L. 389, sec. 1, 33 PS §1, provides, in effect, that no agreement for the sale of real estate shall be binding unless in writing and signed by the party to be charged.

The simply stated question now before the court is whether the above writing, obviously a receipt, is a sufficient writing to take the matter out of the statute.

There are many reported cases which hold that receipts are adequate and will suffice. The test to be applied, however, is whether the terms of the agreement are sufficiently set forth and whether the property to be conveyed is sufficiently identified and described.

Adequate or ample description is that which would enable a competent surveyor to find the land in question from the agreement or from the references made in it. This is suggested in the case of Wills v. Young, 255 F. 2d 65.

In the case of Suchan v. Swope, 357 Pa. 16, the Supreme Court stated, page 19:

"It is true, of course, that a contract for the sale of land is unenforceable if the property is not designated with sufficient definiteness to determine what is intended to be conveyed, nor can parol evidence be accepted to overcome the failure of the writing to locate the subject of the sale. But the ancient maxim still prevails: *Certum est quod certum reddi potest,*

and, as was said in Peart v. Brice, 152 Pa. 277, 279, 25 A. 537, 'parol evidence to describe the land intended to be sold is one thing, and parol evidence to apply a written description to land is another and very different thing, and for that purpose is admissible' ".

This case sets forth a number of cases which held separately that the following was sufficient identification: "all that piece bought of Rose by Thomas Smith and Porter Fleek"; "Fleming farm on French creek"; "Premises 268 and 270 So. 2d St."; "Hotel Duquesne property"; "the Byers Place"; "All of the properties of E. J. Unger, deceased, in Croyle Township, together with the Heise and Bertenet additions"; "the place you now occupy . . . Number 1130 Fourteenth Avenue, Altoona, Pa."; "a certain lot of land owned by the female signer hereof, situate on East Avenue, etc."

The Suchan case itself involved the following receipt:

"March 30, 1945
Received of Anna Suchan Fifty ($50.00) dollars first payment on my farm the balance thirty nine fifty 3950.                           Ray Swope"
and the Supreme Court held that the words "my farm" were sufficient identification.

In that case however, it is to be noted that the statute of frauds was not invoked as a defense in the answer filed to the bill in equity, nor was any objection made at the hearing to the admission of evidence in support of the agreement of sale. The court said: "This in itself is fatal to Ray's present position" (the name Ray refered to defendant owner of the real estate). Defendant fully identified the property in his testimony.

The matter before us, however, has the question of the statute of frauds raised preliminarily by the objections to the complaint and this procedure is proper.

Haskell v. Heathcote, 363 Pa. 184, holds that Pa. R. C. P. 1030 and Equity Rule 92 do not preclude raising the defense of the statute of frauds by preliminary objections under Equity Rule 48. The case further stands for the proposition that in the absence of equities sufficient of themselves to take a case out of the statute of fraunds, it operates as a limitation upon judicial authority to afford a remedy unless renounced or waived by the party entitled to claim its protection.

Turning now to the writing in question before us we find the only description being the words, "61 acres more less" and the words "price on farm". It is to be noted that the sale is for a portion of the owner's land, although the greater portion thereof and certainly lacks definiteness of description. These words do not locate the land itself, show what portion is to be conveyed and does not earmark the property as that of the owner. It is vague, indefinite and uncertain.

Counsel for plaintiff-purchaser argues that the preliminary objections filed here are in the nature of a demurrer and therefore admit as true all of the facts pleaded in the complaint.

We can not follow the reasoning that such would in effect read into the receipt the necessary words to take the case out of the statute of frauds.

While this court has always had an antipathy to pleading the statute of frauds, where there has been a "gentlemen's agreement" to sell real estate, and "one's word should be as good as his bond", nevertheless meritorious reasons exist for the existence of the ancient statute.

However, heartfelt sympathy need not be extended to the purchaser who made a $20 down payment on an $8,000 property and, presumed to know the law, he could have so easily protected himself by having the vendor execute an agreement which would be binding upon her or could have insisted that the necessary

318

wording be put in the receipt which would here entitle him to specific performance.

There appears to be no equities in favor of plaintiff which would remove this matter from the operation of the statute of frauds.

We conclude that the statute of frauds is a bar to plaintiff's remedy for specific performance sought.

Hence this order:

## Order

And now, January 15, 1960, the preliminary objections to the complaint in equity are sustained.