Pierro, Appellant, *v.* Pierro.

Argued January 17, 1969.   Before BELL, C. J.,
JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY,
JJ.

*Carl M. Mazzocone,* with him *Glenn A. Troutman,
Victor S. Jaczun,* and *Sheer & Mazzocone,* and *Power,
Bowen & Valimont,* for appellants.

*Frank Carano,* with him *Charles H. Dorsett, Jr.,* and *Carano and Kunken,* and *Eastburn & Gray,* for appellees.

OPINION BY MR. JUSTICE COHEN, April 23, 1969:

Plaintiff instituted an action in equity to compel specific performance of a provision in an agreement for the sale of a portion of a farm. Defendants filed an answer to the complaint and under "New Matter" alleged that specific performance did not lie for the reason that the parcel in controversy was not described with sufficient specificity to remove it from the provisions of the Statute of Frauds.

Plaintiff filed a reply to the "New Matter" maintaining that the description was sufficient in specificity to afford him the requested remedy. Defendants then filed a motion for judgment on the pleading. After argument, the lower court made the following order: "And Now, this 15th day of January, 1968, defendants' motion for judgment on the pleading is refused and denied." Plaintiff appeals that order.

This appeal must be quashed. It is apparent that plaintiff is not a party aggrieved by the order, hence, cannot take this appeal. To be an aggrieved party he must be adversely affected by the order and he must have some pecuniary interest which is injuriously affected. *Louden Hill Farm, Inc. v. Milk Control Commission,* 420 Pa. 548, 217 A. 2d 735 (1966).

Plaintiff concedes that he is not out of court, but contends he is harmed by what the court said in its opinion concerning the legal sufficiency of his complaint and his reply to "New Matter." What the court had to say in its opinion regarding the sufficiency of the pleadings is dicta and does not establish the law of the case. *Delaware River Port Authority v. Pennsylvania Public Utility Commission,* 408 Pa. 169, 182 A. 2d 682 (1962).

If, at trial, the court rules that the testimony which plaintiff has produced is not sufficient to merit a recovery, he is then aggrieved by the final decree and qualified to take an appeal. Plaintiff is not now injured by the court's order and is not a proper appellant.

Appeal quashed, costs on appellant.

Mr. Justice ROBERTS concurs in the result.