Pierro, Appellant, *v.* Pierro.

Argued January 12, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

reargument refused May 8, 1970.

*Carl M. Mazzocone,* with him *Glenn A. Troutman,* and *Sheer & Mazzocone,* and *Power, Bowen & Valimont,* for appellant.

*Frank Carano,* with him *Charles H. Dorsett, Jr.,* and *Carano and Kunken,* and *Eastburn & Gray,* for appellees.

OPINION BY MR. JUSTICE COHEN, March 25, 1970:

Appellant, Alphonso Pierro, instituted this action in equity against his brother and sister-in-law, Joseph and Marie Pierro, appellees, to compel specific performance of a provision in an agreement relating to the conveyance of a portion of a farm and to construct a trust.

On June 16, 1946, appellant loaned to his brother $2,000 with the loan agreement calling for repayment in five years with interest at an annual rate of four percent. The agreement further provided that if the amount loaned were not repaid within five years, Joseph would transfer to Alfonso ten acres of his 45 acre farm located in Jamison, Bucks County in satisfaction of the debt. The ten acres to be conveyed were not identified except for the stipulation that no more than 50% of the parcel would front on either Poor House or Dark Hollow Roads. This agreement was put into writing on June 6, 1948, and the agreement bears a

notation that in lieu of interest after June 16, 1948, the provision calling for the transfer of the ten acres would become effective.

Joseph and Alphonoso entered into a subsequent loan agreement on October 17, 1947, which provided that Alphonso was to loan his brother $1500 on condition that the sum be repaid within five years with an annual interest rate of 4%. The agreement further provided that if the sum were not paid within five years Joseph would transfer to Alphonso 7 1/2 acres of his farm. Again the land is not described, but the agreement contains the condition that no more than 50% of the parcel would front on either Poor House or Dark Hollow Roads. This agreement was also put into writing on June 6, 1948. The agreement bears the notation that $500 was repaid on April 17, 1954 and that in lieu of interest after April 17, 1959 the provision relating to the transfer of the 7 1/2 acres was to become effective.

On April 15, 1966, Joseph transferred the farm to himself and his wife as tenants by the entireties. Subsequent to that appellees tendered to appellant $4400 in payment of principal and interest on the loans which appellant refused.

After the pleadings had been filed, appellees moved for judgment on the pleadings. In an opinion dated January 15, 1968, the lower court stated that although specific performance could not be had because the writings were not sufficient under the Statute of Frauds, Act of March 21, 1772, 1 Sm. L. 389, §1, 33 P.S. §1, and although a constructive trust could not be imposed, the motion was being denied because the complaint stated a cause of action for fraudulent conveyance which, if proven, could result in the conveyance to appellees being set aside. The court emphasized that the setting aside of the conveyance would be solely for the purpose of securing the debt from Joseph to Alphonso and

that if the alleged sums due were paid into court this action would be rendered moot as there would be no need for security. Appellant appealed to this Court from the order denying appellees' motion for judgment on the pleadings, and we quashed that appeal, 434 Pa. 131, 252 A. 2d 652 (1969).

When the record was remanded to the court below, appellees filed another motion for judgment on the pleadings in which they stated that on December 20, 1968, they had deposited with the court $4400 and that the matter was now moot. On June 27, 1969, the court granted that motion and entered judgment for the appellees.

Appellant asserts that the lower court erred because the descriptions of the land in the agreements were sufficiently definite to meet the requirements of the Statute of Frauds and because the 17 1/2 acres should have been made subject to a constructive trust.

It is well settled that specific performance will not be granted unless the terms of the agreement are sufficiently set forth and the property to be conveyed is sufficiently identified and described. *Portnoy v. Brown*, 430 Pa. 401, 243 A. 2d 444 (1968). "Adequate or ample description is that which would enable a competent surveyor to find the land in question from the agreement or from the references made in it." *Prager v. McAdam*, 20 Pa. D. & C. 2d 314, 315 (1960), aff'd., 399 Pa. 405, 161 A. 2d 39 (1960). "Where a description is sufficient so that one may determine the exact limits of the property included by reference to a plan, deed or other similar record, the law is satisfied. . . ." *Cheney v. Carver*, 370 Pa. 543, 88 A. 2d 746 (1952). See also *Suchan v. Swope*, 357 Pa. 16, 53 A. 2d 116 (1947); *Shaw, Ex'rs v. Cornman*, 271 Pa. 260, 114 Atl. 632 (1921); *The Safe Deposit & Trust Company of Pittsburg v. Diamond Coal & Coke Company*, 234 Pa. 100, 83 Atl. 54 (1912).

The descriptions in the agreements disclose what area is to be conveyed (10 acres and 7 1/2 acres) and what may be one boundary line. The agreement states that not more than 50% of the parcels will be on either Poor House or Dark Hollow Road. It is certainly possible that less than 50% would be on either road, and it is theoretically possible that none of either parcel would be on either road. In the *Diamond Coal & Coke Company* case, supra, this Court refused to grant specific performance where the only thing definitely stated in the memorandum was the number of acres to be sold and where the boundary lines were totally uncertain and indefinite. A similar factual situation arose in *Prager v. McAdam,* supra, where the defendant agreed to sell 61 acres of her 63 acre tract. The agreement, however, gave no clue as to which acres were to be sold and which retained. Finally, in *Mellon v. Davison,* 123 Pa. 298, 16 Atl. 431 (1889), specific performance was refused when the only description was the length of one side of the tract, a situation very close to the one now before us.

Appellant, citing *Felty v. Calhoon,* 139 Pa. 378, 21 Atl. 19 (1891), argues that the tract can be described by creating a rectangle whose area is 17 1/2 acres and one of whose long sides would be one-half the frontage owned by appellees along Dark Hollow Road. The problem with this is that nowhere in the agreements does it state that the tract is to be a rectangle or that it must consume one-half the Dark Hollow Road frontage. There are an infinite number of shapes the 17 1/2 acre tract could assume, and there are practically an infinite number of locations on which that tract could be located.

Appellant next contends that the court below erred in granting the motion for judgment on the pleadings in light of this Court's decision in *Goldman v. McShain,* 432 Pa. 61, 247 A. 2d 455 (1968). In that opinion we

stated at 73-74: "Thus, a defendant may not rely on his affirmative defense to sustain a motion for judgment on the pleadings, unless of course plaintiff has failed to deny the allegation in defendant's new matter which raises that defense. . . . Moreover to say that a possible affirmative defense exists to a complaint is not to say that such a complaint is legally insufficient on its face. It may still state a claim upon which relief can be granted, even though the relief itself will eventually be denied should defendant prove his affirmative defense. . . . To prevail, defendant would still have to prove that defense at trial. . . . Appellees have raised the statute of frauds in their new matter and appellants have denied its applicability. Issue has thus been joined; its resolution cannot be based on pleadings alone." In their new matter appellees alleged that the agreements did not sufficiently describe the tracts to escape the Statute of Frauds. The lower court felt it could consider the motion for judgment on the pleadings because that allegation was not specifically denied by additional factual averments.

Appellant's reply to the allegation stated "14. Denied. Plaintiff specifically denies that Exhibits A and B, together with the factual circumstances inherent in this cause of action, are encompassed by the Statute of Frauds or fail to satisfy the requirements thereof. . . ." Even if the lower court erred in requiring additional factual averments, this case is a proper one for judgment on the pleadings because even if there were a trial appellant would not be able to introduce parol evidence to create a description of the parcel intended to be conveyed. "Where it is necessary to prove any essential feature of an agreement for the sale of land by oral testimony, the agreement is not in writing within the meaning of the statute of frauds." *Shaw, Ex'rs. v. Cornman,* 271 Pa. at 262. " '[P]arol evidence to describe the land intended to be sold is one thing,

(and hence is inadmissible) and parol evidence to apply a written description to land is another and very different thing, and for that purpose is admissible.' " *Suchan v. Swope,* at 20. *Mrahunec v. Fausti,* 385 Pa. 64, 121 A. 2d 878 (1956). " 'If the subject-matter, the land, be described, we admit evidence in order to apply the description to the land; but we cannot admit parol evidence, first, to describe the land sold, and then, to apply the description.' " *Cohen v. Jones,* 274 Pa. 417, 419, 118 Atl. 362 (1922). *Sawert v. Lunt,* 360 Pa. 521, 62 A. 2d 34 (1948). "[P]arol evidence may be used to explain and define the description contained in the writing, but not to create the description itself." *Bartlow v. Campbell,* 49 Lack. Jur. 126, 130 (1947). Because the agreements contain no descriptions, any parol evidence would be creating the description rather than explaining, defining, or applying the description already given. Therefore, at trial, no description beyond that given in the agreements could be developed, and the lower court properly decided it could grant judgment on the pleadings.

Lastly, appellant argues that the court below erred in refusing to impress a constructive trust upon the lands in question. If the court were to do this, appellant would not face problems with respect to the description of the tract for the Act of April 22, 1856, P. L. 532, §4, 33 P.S. §2, expressly excludes constructive trusts from the operation of the Statute of Frauds. *Silver v. Silver,* 421 Pa. 533, 219 A. 2d 659 (1966). The court below stated: "The trust must arise in the acquisition of the title and the fraud must be practiced in obtaining title or obtaining the purchase money therefor. . . . The plaintiff . . . never held title to or an ownership interest in the disputed property, but rather is asking that the title now be created in him. Neither defendant nor his wife received title, or the funds to obtain title from the plaintiff; therefore a

constructive trust will not be imposed." Appellant states that this is an unduly restrictive view of constructive trusts, that a confidential relationship existed between him and his brother and that his brother will be unjustly enriched if a trust is not imposed.

The definition of a constructive trust is generally given as follows: "A constructive trust arises where a person who holds title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it." 5 Scott, Trusts §462 at 3413 (3d ed. 1967). Restatement, Restitution §160 (1937); *Chambers v. Chambers*, 406 Pa. 50, 176 A. 2d 673 (1962); *Gray v. Leibert*, 357 Pa. 130, 53 A. 2d 132 (1947). Although it is not stated clearly in every opinion, one necessary aspect of the defendant's holding title to property is that he must have acquired it in some way that creates the equitable duty in favor of the plaintiff. In *Chambers v. Chambers*, supra at 54-55, we quoted from Justice CARDOZO'S opinion in *Beatty v. Guggenheim Exploration Co.*, 225 N.Y. 380, 122 N.E. 378, 380 (1919), where he stated "A constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee. . . ." See also *Shapiro v. Shapiro*, 424 Pa. 120, 129, 224 A. 2d 164 (1966); *Metzger v. Metzger*, 338 Pa. 564, 14 A. 2d 285 (1940). "They (constructive trusts) arise when the legal title to property is obtained by a person in violation, express or implied, of some duty owed to the one who is equitably entitled. . . ." 4 Pomeroy's Equity Jurisprudence §1044 at 93 (5th ed. 1941). "The specific instances in which equity impresses a constructive trust are numberless,— as numberless as the modes by which property may be

obtained through bad faith and unconscientious acts." Pomeroy, supra §1045 at 97.

The statute itself would appear to require such an interpretation. In relevant part it states "where any conveyance shall be made of any lands . . . by which a trust . . . shall . . . arise . . . by . . . construction of law . . ., then . . . such trust . . . shall be of the like force and effect as if this act had not been passed." As the means by which Joseph originally acquired title to the land is not the ground relied on, the imposition of a constructive trust would be improper. The transfer from Joseph to himself and his wife is not relevant for this purpose because as to that appellant was a stranger and did nothing that would create an equitable duty running to him.

Also, appellees will not be unjustly enriched by not having to convey the 17½ acres. Both notes say that if they are not repaid within five years the land is to be conveyed in satisfaction of the debts. Both parties took the risk that land values would either increase or decrease over time, and in that situation it is not unfair that one party should have the benefit of that risk.

Decree affirmed. Each party to bear own costs.

___

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

It is my view that specific performance should have been granted. I do not quarrel with the general proposition that a contract conveying an interest in land may be specifically enforced only if the property involved is clearly and adequately described. *Portnoy v. Brown*, 430 Pa. 401, 243 A. 2d 444 (1968) ; *Cheney v. Carver*, 370 Pa. 543, 88 A. 2d 746 (1952). However, not all contracts whose ultimate result is the transfer of an interest in land are subject to the full rigors of this principle. "Under the authorities generally, it is clear that a deed is not void which purports to convey, out of a larger tract of land presumably owned by

the grantor, a stated number of unlocated acres to be selected at the will of the grantee." 117 A.L.R. 1087; *Turner v. Hunt,* 131 Tex. 492, 116 S.W.2d 688 (1938).

Both instruments involved in this case contained the following language:

"It was further agreed between these two parties that if the note was not paid in full within five years the borrower (J.A.P.) agrees to transfer to the lender ten acres (10) [7½ acres in the second note] of his farm in Jamison, Penna. in one parcel.

"It was further agreed that not more than fifty per cent (50%) of this parcel will be on either Poor House or Dark Hollow Road."

It is my view that the agreements gave the appellant the right to take any portion of the appellees farm which fit the description as to size and location. Since this interpretation of the contract renders the general principle stated above inapplicable, I would reverse the decree and grant specific performance.

Mr. Chief Justice BELL joins in this dissent.