J-A16005-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JEANNE R. HEYMANN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDY L. MILLER AND IDA A. MILLER, | : | |
| AND DAVID M. DECRISTO AND AMY | : | |
| DECRISTO, HIS WIFE, AND RANDY | : | No. 2084 MDA 2018 |
| L. CASTLE AND DARLENE J. CASTLE, | : | |
| HIS WIFE | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: ESTATE OF JEANNE R. | : | |
| HEYMANN | : | |

Appeal from the Judgment Entered December 14, 2018
In the Court of Common Pleas of Bradford County Civil Division at No(s):
2008EQ0659

BEFORE:   LAZARUS, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY LAZARUS, J.:          **FILED: AUGUST 20, 2019**

The Estate of Jeanne R. Heymann[1] ("Heymann") appeals from the judgment, entered in the Court of Common Pleas of Bradford County, following a non-jury trial where judgment was entered in favor of Andy L. Miller and Ida A. Miller ("Miller"), as well as David M. DeCristo, Amy DeCristo, Randy L. Castle, and Darlene J. Castle ("Additional Defendants").  After careful review, we affirm.

---

[1] Heymann passed away in 2017.  Her estate has continued to prosecute her appeal.

---

*   Former Justice specially assigned to the Superior Court.

In August 2008, Miller sought bids for the purchase of 301 Main Street, Towanda, PA ("the Farm"), one of two properties he owned in Bradford County. Heymann submitted a written bid of $285,000, which Miller rejected. Heymann then increased her bid to $300,000, which Miller also rejected. Heymann met Miller at the Farm, and increased her bid to $305,000, to which Miller orally agreed. The parties discussed and agreed to additional terms, including the removal of a grave, the closing date, transfer of possession, and division of costs. Miller's attorney drafted a sales agreement containing the terms to which Miller and Heymann orally agreed. Miller and his wife signed the agreement and faxed it to Heymann on September 5, 2008. The sales agreement described the property as "all that certain lot or piece of ground located in Leroy Township, Bradford County, PA." On September 6, 2008, Heymann purchased a smaller property owned by Miller's son, near the Farm. Heymann stated that she purchased Miller's son's property to support the Farm, and would not have done so if not for her agreement with Miller.

On September 8, 2008, Heymann expressed concerns with the Farm's sales agreement, and requested it be updated to include a more detailed description of the property, provisions concerning the refund of a $500 deposit, payment for utilities, and the removal of the agreement's time-of-the-essence clause. Miller responded by informing Heymann that he would not be proceeding with the sale.

On September 12, 2008, Heymann filed a Praecipe for Writ of Summons and a *lis pendens* against Miller and the Farm, seeking specific performance of the oral agreement. Miller subsequently sold the Farm to Additional Defendants, subject to the outcome of this action.

Initially, the trial court granted summary judgment in favor of Miller on December 14, 2010, based on Heymann's failure to join Additional Defendants as indispensable parties. This Court reversed and remanded on October 16, 2011, with leave to join additional parties. **Heymann v. Miller**, 37 A.3d 1246 (Pa. Super. 2011). On remand, the trial court granted summary judgment in favor of Heymann on December 17, 2013. On November 18, 2015, this Court reversed and remanded the case, finding there existed an issue of material fact regarding whether the oral agreement between Heymann and Miller constituted a meeting of the minds. **Heymann v. Miller**, 95 MDA 2014 (Pa. Super. filed Nov. 18, 2015) (unpublished memorandum). Following a non-jury trial on December 22, 2017, the trial court entered judgment in favor of Miller, finding there was no meeting of the minds.[2] The trial court denied

---

[2] We disagree with the trial court's finding that there was no meeting of the minds between Miller and Heymann. The parties agreed upon the essential terms of the contract, and all that remained was reduction of the agreement to writing. **See Trowbridge v. McCaigue**, 992 A.2d 199, 202 (Pa. Super. 2010) ("It is well-settled in Pennsylvania that where the parties have settled upon the essential terms and the only remaining act to be done is the formalization of the agreement, the latter is not inconsistent with the present contract."). We, however, may affirm the trial court's decision on any valid basis. **Plasticert, Inc. v. Westfield Ins. Co.**, 923 A.2d 489 (Pa. Super.

Heymann's motion for post-trial relief on November 19, 2018, and Heymann

timely filed this appeal. Instantly, Heymann raises the following issues for our

review:

> 1. Whether an agreement for the sale of real estate is enforceable when the owner of the real estate has negotiated a detailed oral agreement and has placed all of the terms of the agreement into a written sales agreement which is signed by the owner?

> 2. Whether the trial court, in considering the enforceability of an agreement, should have taken into consideration the fact that the buyer expended $190,000.00 to purchase another parcel of real estate in reliance upon the agreement signed by the owners setting forth the terms of the agreement for sale?

Brief of Appellant, at 2.

Heymann's claims, requesting specific performance, sound in equity.

**See Barnes v. McKellar**, 644 A.2d 770, 776 (Pa. Super. 1994). Our review,

therefore, "is limited to a determination of whether the [trial judge] committed

an error of law or abused his discretion. The scope of review of a final decree

in equity is limited and will not be disturbed unless it is unsupported by the

evidence or demonstrably capricious." **Rosen v. Rittenhouse Towers**, 482

A.2d 1113, 1116 (Pa. Super. 1984) (citations omitted).

Heymann's first claim, arguing evidence of the oral agreement

reinforces the written sales agreement, implicates the statute of frauds.[3] The

_____

2007). In this instance, evidence of the oral agreement is barred by the statute of frauds, which fundamentally undermines Heymann's claim. **See infra** pp. 4-6.

[3] 33 P.S. §§ 1-8.

- 4 -

statute of frauds requires contracts for the sale of real estate to be in writing and signed by the party creating the interest, for the purpose of preventing fraud and perjury by the assertion of verbal agreements. *Fannin v. Cratty*, 480 A.2d 1056, 1058-59 (Pa. Super. 1984) (citation omitted). To satisfy the statute of frauds in a real estate transaction, a writing must include an adequate description of the property, the purchase price, and the signature of the party creating the interest. *Hessenthaler v. Farzin*, 564 A.2d 990, 994 (Pa. Super. 1989). The land being conveyed must "be described with such certainty and definiteness as to avoid the necessity of resorting to parol proof to determine the property the parties intended should be transferred." *Shaw v. Cornman*, 114 A. 632 (Pa. 1921); *see also Zuk v. Zuk*, 55 A.3d 102, 107 (Pa. Super. 2012) (requiring conveying party to "describe a particular piece or tract of land that can be identified, located, or found."). A description such as "my farm" may be sufficient to describe a property where the seller owns only one property to which this description could apply. *Suchan v. Swope*, 53 A.2d 116, 118 (Pa. 1947). However, a description too indefinite to locate the subject real property is invalid. *See Pierro v. Pierro*, 264 A.2d 692, 694 (Pa. 1970) (holding a written description where "the land is not described, but the agreement contains the condition that no more than 50% of the parcel would front on either Poor House or Dark Hollow Road" insufficient under statute of frauds); *see also Barnes v. Hustead*, 68 A. 839, 942 (Pa. 1908) (holding inadequate  description naming township, county, and state, without

indicating boundaries of tract to be conveyed); *see also Weisenberger v. Huebner*, 107 A. 763, 764 (Pa. 1919) (finding description which stated property was located at an intersection, without indicating property's location in relation to that intersection, insufficient).

Here, the parties' of the sales agreement, signed by Miller merely describes a tract of land in a named township, county, and state, without any mention as to the metes and bounds identifying the property. It is, therefore, inadequate. *See* Exhibit 5, at 1 ("all that certain lot or piece of ground located in Leroy Township, Bradford County, PA"); *see also Barnes*, *supra*, at 942 (requiring indication of boundaries of property in addition to township, county, and state). The description also fails to state the address of the property. Exhibit 5, at 1; *see also Hessenthaler*, *supra*, at 994. The fact that Miller owned two properties in the township, county, and state described exacerbates the confusion. *See* N.T. Heymann Deposition, 10/8/09, at 37-38 ("I felt that there was a mistake in the way the contract was written[,] because it made no mention of lot or block or parcel number[.] It referred to the property. I knew that there were two parcels and that concerned me greatly[.]"). Because the written description in the sales agreement was inadequate, the statute of frauds does not permit parol evidence of the verbal agreement. *See Pierro*, *supra*, at 695 (holding parol evidence may not reinforce inadequate written description of real property in sales agreement to satisfy statute of frauds). The alleged agreement between Heymann and

Miller fails to satisfy the writing requirement of the statute of frauds, and is therefore unenforceable. **See Fannin**, **supra**, at 1160 ("Because of the provisions of the statute of frauds, an agreement for the sale of land cannot be specifically enforced unless in writing signed by the parties to be charged or their agents thereunto lawfully authorized by writing[.]") (citations omitted).

Heymann's second claim alleges the trial court erred in failing to consider her claim of equitable estoppel. Brief of Appellant, at 23. However, equitable estoppel may not be invoked against the operation of the statute of frauds. **Target Sportswear, Inc. v. Clearfield Foundation**, 474 A.2d 1142, 1151 (Pa. Super. 1984). "The statute is not a mere rule of evidence, but a limitation on judicial power to order specific performance of a contract in the absence of a writing." **Id.** at 1147. Because Heymann invoked equitable estoppel against the operation of the statute of frauds, her second claim fails.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date:8/20/2019