418 A.2d 509

**Anthony A. DALE**

v.

**Florence CRAWFORD, Appellant.**

Superior Court of Pennsylvania.

Argued March 12, 1979.

Filed Jan. 18, 1980.

484

Richard W. Cleckner, Harrisburg, for appellant.

Roy S. F. Angle, Waynesboro, submitted a brief on behalf of appellee.

Before SPAETH, HESTER and MONTGOMERY, JJ.

MONTGOMERY, Judge:

This appeal arises from an action in equity which was commenced on February 21, 1975, wherein the Plaintiff sought specific performance on an agreement for the sale of land. The case was tried on June 6, 7 and 8, 1977, in the Court of Common Pleas of the 39th Judicial District, Fulton County Branch. On September 22, 1977, a Decree Nisi was entered granting the Plaintiff's prayer for specific performance. The Appellant, who was the Defendant at trial, filed exceptions to the Adjudication and Decree Nisi. After hearing argument on the exceptions the Court en Banc issued a Final Decree, again ordering specific performance.

The record shows that on February 22, 1972, Appellant granted an option to Appellee, giving him the right to purchase approximately 137 acres of land in Brush Creek Township, Fulton County, Pennsylvania, owned by Appellant, for a total purchase price of $18,000. The option was for a term of three years. On January 10, 1973, and again on January 8, 1975, Appellee gave notice of his intention to exercise the option. After Appellant refused to transfer title to the land, Appellee filed his Complaint.

On this appeal, Appellant advances several different arguments in support of her claim that specific performance should not have been decreed. We find no merit in any of the claims raised.

The Appellant first claims that the Chancellor abused his discretion in refusing to permit the Appellant to amend her Answer and New Matter. The record shows that prior to the actual trial in this case, the pleadings had been closed for some two years. Moreover, the trial court had engaged in extensive pretrial conferences with counsel to sharply define the issues and arguments to be considered. Shortly prior to trial, without permission of the Appellee and without the leave of or notice to the Court, the Appellant filed an amended Answer and amended New Matter raising a rule against perpetuities argument. At the commencement of the trial, the Appellee moved that such amended pleadings be stricken and the Chancellor granted that Motion. During the trial, at the conclusion of the Plaintiff's presentation of his case-in-chief, the Appellant sought permission to amend her Answer and New Matter, again attempting to raise the rule against perpetuities defense. The Chancellor denied that request, and it is now the Appellant's claim that this mid-trial denial of amendment by the Chancellor was an abuse of discretion.

We can discern no abuse of discretion by the Chancellor in refusing to permit the Appellant's second belated attempt to raise a defense, by amendment of pleadings, which had not been raised at any time during pretrial proceedings in the case or since the pleadings had been closed some two years previously. The Appellant had clear-

ly failed to comply with Pennsylvania Rule of Civil Procedure 1033 [1] in filing her proposed amendment shortly prior to trial. The lower court's refusal to permit Appellant to accomplish the same end by a further attempt at amendment during the course of the trial was obviously not an abuse of the broad discretion granted the lower court in such matters. Thus, we reject the Appellant's initial claim of error.

The option agreement in issue makes reference to two separate tracts of land. The Appellant, in separate arguments, claims that the description of each tract in the option document is too vague to be surveyed and thus that specific performance must be denied. We note at the outset our recognition of the rule that specific performance of an agreement concerning the sale of land is not to be granted unless the terms of the agreement are sufficiently set forth and the property to be conveyed is sufficiently identified and described. *Pierro v. Pierro*, 438 Pa. 119, 264 A.2d 692 (1970); *Portnoy v. Brown*, 430 Pa. 401, 243 A.2d 444 (1968). However, it has been held that an adequate or ample description is that which would enable a competent surveyor to find the land in question from the agreement or from the references made in it. *Pierro v. Pierro, supra.*

The Appellant attacks the description of Tract Number One as vague since it describes part of that tract as "bounded on the West by land of Duvall and others". This is known as a description by "adjoinders". Appellee's surveyor, while admitting that such a description could possibly cause problems, testified that he could locate and survey Tract Number One from the description furnished in the document. This testimony was uncontradicted. Since the surveyor found the written description of Tract Number

1. Rule 1033 provides: A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted.

One sufficiently specific to enable him to specifically identify the land to be conveyed, we reject Appellant's claim that the description was too vague to support a decree of specific performance.

Appellant raises the same vagueness claims with respect to the description of Tract Number Two. The specific parcel in question was a three–acre lot, containing Appellant's house and other buildings, which the Appellant excepted from the option agreement and reserved unto herself. Appellee's surveyor testified that he could, with certainty, locate and survey Tract Number Two if he used U.S. Route 30 as one of the boundaries. The Appellant contends that since there is not reference to U.S. Route 30 in the written agreement, the lower court, in effect, rewrote the agreement and changed it into a parol contract in finding that the road was the north boundary line. The lower court, in explaining its decision on this point, noted that it could not ignore the fact that the only public road accessible to the Appellant's house on Tract Number Two was Route 30. It found it to be unreasonable to assume that the Appellant would intentionally reserve her home on a lot with the only road approximately 165 feet away. The option agreement provided that the buildings in Tract Number Two would be in approximately the center of the three–acre parcel which Appellant reserved. This placement comported with the description of the land used by the surveyor, and adopted by the court. The rectangular configuration of the three–acre parcel which was derived by the surveyor and adopted by the Chancellor was a rational, sensible, and acceptable finding from the description set forth in the option agreement, which we find was sufficiently definite to support a decree of specific performance. See *Felty v. Calhoon*, 139 Pa. 378, 21 A. 19 (1891).

As a result of our findings that the descriptions in the option agreement of the two tracts in question were not so vague as to make a correct survey impossible, some additional assertions of error on the part of the lower court which are advanced by the Appellant must be held to be without merit. For instance, Appellant raises the issue of whether

title to the entire property can pass to the Appellee even though the purportedly uncertain description of Tract Number Two voids the transfer as to that part of the land. The argument must be rejected, of course, because we have found that the description of Tract Number Two was not uncertain. Also, for the same reason, we reject the Appellant's contention that the option agreement became void because it was reformed by parol evidence. This argument by Appellant is based upon the premise that the option agreement did not describe the land to be conveyed with sufficient certainty. Appellant argues that alleged vagueness in the description was only cured by the lower court by its acceptance of testimony concerning the parcels of land to be conveyed. Thus, the Appellant concludes that the option agreement does not satisfy the Statute of Frauds. This claim must also be rejected for the reason that we have found the option agreement itself to be sufficiently specific concerning the description of the property to be conveyed.

The Appellant next argues that specific performance should have been denied because there was no meeting of the minds concerning the agreement, because the agreement was allegedly unconscionable, or because the consideration given Appellant for the option was inadequate. The Chancellor and the Court en Banc rejected all such arguments, and in our opinion, did so correctly. The contention that there was no meeting of the minds of the parties constitutes merely a repetition of the defense position that the description of the property to be conveyed was too vague and indefinite to permit it to be located and surveyed. We have already discussed our findings with regard to that claim. As to the remaining claims, we note that the Appellant initiated and participated in the negotiations leading up to the drafting of the agreement. She testified that she was "definitely certain" as to the three–acre parcel of land (known as Tract Number Two), which she accepted and reserved unto herself in the option agreement. It is clear that the Appellant was competent to enter into an agreement at the time of the execution of the option, and at a later time when she reacknowledged it. We do not find

490

evidence that undue influence was exerted upon the Appellant to compel her to enter into the agreement, nor do we find that the evidence of conduct of the Appellee, or the option agreement itself, suggests unconscionable or inequitable circumstances. Further we find no abuse of discretion by the lower court in its acceptance of the testimony of Appellee's expert witness which established that the purchase price was reasonable. Under all of the circumstances, it is clear that there was a meeting of the minds on a contract which cannot be deemed unconscionable, and that the consideration given by the Appellee for the option agreement was adequate.

■ The Appellant next argues that the Appellee did not exercise the option agreement according to its terms, and thus must be deemed to have rejected it, thereby automatically terminating the option. We reject this contention out of hand. The lower court found that the evidence showed a proper exercise of the option agreement by Appellee. Our own review of the evidence also leads to the conclusion that Appellee's conduct and acceptance was within the terms specified in and intended by the option agreement. Therefore, we reject the Appellant's final claim of error.

Affirmed.

SPAETH, J., concurs in the result.