518 A.2d 833

**Walter N. TURNER and Beverly M. Turner, Husband and Wife**

v.

**Norman HOSTETLER, Jr. and Delories I. Hostetler, Husband and Wife, Appellants.**

Superior Court of Pennsylvania.

Argued Sept. 10, 1986.

Filed Dec. 2, 1986.

168

170

Joseph B. Policicchio, Somerset, for appellants.
William R. Carroll, Somerset, for appellees.

Before BROSKY, ROWLEY and POPOVICH, JJ.

BROSKY, Judge:

This appeal is from an Order denying appellants' exceptions to a decree nisi, and making that decree final, which decree called for specific performance of a land sales contract entered into by appellants and appellees.

Appellants raise several issues on appeal which deal with the propriety of allowing the admission of parol evidence to explain circumstances before, during, and after the formation of the contract; the correctness of the findings of the trial court; and the propriety of entering specific performance in this case.

We have reviewed the record and briefs of counsel and find that no reversible error was committed in the entry of the contested order. Accordingly, we affirm the order of the trial court.

We note initially that there exists some disparity or conflict in the factual representations of the parties involved. However, certain facts are uncontested. Sometime prior to September 13, 1978, appellants, the Hostetlers, were approached by appellees, the Turners, in regard to purchasing property from them. The Hostetlers had been interested in selling a two acre tract which had been the subject of a survey for the purposes of such a sale. A land sales contract was drawn up by an attorney named Roy Ogburn, which set forth the terms of the purchase of the two acre tract, and which allowed an option to purchase eight additional acres at a price of $1,000 per acre payable in $2,000 yearly installments, starting two years after the signing of the contract.

The contract provided "[t]he said eight acres shall be contiguous to and shall lie generally south and west of the two acre parcel. The exact boundary lines of the said eight acres shall be determined by mutual agreement of the parties." The Turners took possession of the two acre tract, which included a dwelling, and began making substantial improvements thereto. Later disputes arose regarding the extent of a right-of-way (which was also conveyed to the Turners), the location of the additional eight acres, and other obligations under the contract. The result of the disputes brought the parties to court in equity upon a request for specific performance of the contract.

Testimony at the non-jury trial was conflicting. Appellees' testified that, after some discussion, appellant's agreed to sell appellees 10 acres. Appellees further testified that the contract was drawn as it was to utilize the two acre survey which had already been completed; and that the so-called eight acre "option" was an extension of the two acre tract as defined by natural borders, such as fences, tree lines and the like. Appellees also testified that although some concern arose over the wording in the memorandum when it was presented to them, all the parties were in a hurry to close the deal and they chose not to have it redrafted, as it had taken several weeks to get the draft in

question from Mr. Ogburn. According to appellees, in September, 1980, when the first $2,000 payment became due, Mr. Turner and Mr. Hostetler "walked the lines" of the eight acres to conclusively establish its borders. Appellants, Hostetlers, testified that the initial agreement was only firm on the two acres but that the Turners had desired an opportunity to purchase more if they later desired, hence the option was included. Hostetlers also testified that, although several proposals and counter-proposals were made regarding the borders of the eight acre tract, none were ever mutually agreed to.

The trial court chose to bifurcate the trial into two proceedings, the first encompassing the specific performance count, the second, if necessary, encompassing the claim for damages for failure to convey the property. Later, the court permitted appellees to amend their complaint to ask for reformation as well as specific performance. The trial court, after hearing testimony of the parties and the drafting attorney, found appellees' testimony more credible. The trial court issued a decree nisi calling for specific performance of the land sales contract, setting the boundaries as per the testimony of appellees. Exceptions were taken by appellants which were subsequently denied, resulting in the instant appeal.

 The general rule regarding specific performance of a land sales contract is that the courts will not compel specific performance of such a contract where the description of the subject land is not definite enough to determine that which was intended to be conveyed. In addition, it is not generally permissible to allow parol evidence to describe the land intended to be conveyed. *Suchan v. Swope,* 357 Pa. 16, 53 A.2d 116 (1947).

 However, a large number of cases have allowed the admission of parol testimony to apply a written description to the land subject to sale. In this context has appeared the following statement:

> Parol evidence to describe the land to be sold is one thing, and parol evidence to apply a written description to land

is another and very different thing, and for that purpose is admissible.

*Suchan v. Swope,* supra, 357 Pa. at 20, 53 A.2d at 118. A review of the relevant decisions indicates the distinction is thus: where from the face of the contract, it appears that there was an agreement to convey some property, but it does not appear that the parties had a specific tract in mind, or that agreement was made as to what property was subject to conveyance, parol evidence will not be admissible to indicate that a specific tract was contemplated. However, where, from the face of the contract, it appears that a certain or specific tract was intended to be conveyed, but its description is ambiguous due to its wording, parol evidence will be admissible to allow a more precise description to be made, and specific performance will be a proper remedy.

Hence, when a contract was worded so as to transfer ten acres of a 45 acre farm upon the happening of a certain event, and further stipulated that no more than 50% of the ten acres would front either "Poor House" or "Dark Hollow" Road, this description was inadequate to allow specific performance. *Pierro v. Pierro,* 438 Pa. 119, 264 A.2d 692 (1970). Similarly, in *The Safe Deposit & Trust Company of Pittsburg v. Diamond Coal & Coke Company,* 234 Pa. 100, 83 A. 54 (1912), specific performance was unavailable when the memorandum in question referred only to the number of acres to be sold and left no definite or ascertainable boundary lines. *Prager v. McAdam,* 20 D. & C.2d 314 (1960), aff'd., 399 Pa. 405, 161 A.2d 39 (1960), found an agreement to sell 61 acres of a 63 acre farm unenforceable where the memorandum gave no indication of which two acres would be retained by the vendor.

In contrast, where a memorandum described the property subject to a proposed transfer simply as "my farm", it was held sufficient to allow specific performance, as the individual only owned one farm. *Suchan v. Swope,* supra. A property settlement agreement which described property to be received by one party in such terms as "the big house and three apartments," although vague, was found suffi-

174

cient to allow specific performance, as it was capable of definition when one looked at the whole of what the parties owned. *Powell v. Powell*, 244 Pa.Super. 264, 367 A.2d 314 (1976). Another description which included language "bounded on the west by land of Duvall and others" was also found sufficiently descriptive to allow specific performance. *Dale v. Crawford*, 274 Pa.Super. 483, 418 A.2d 509 (1980).

■■■ The above approach serves the purpose behind both the doctrine of specific performance and the parol evidence rule. The parol evidence rule is concerned with preventing the addition to, or varying of, the terms of a written agreement by the introduction of evidence beyond the document itself. The doctrine of specific performance allows the court to compel performance of the contract when equity requires it, but necessarily requires that there be agreement as to the nature of the performance. When the performance required under the contract is uncertain, the court cannot define it for the parties or, in essence, write the contract for them.

■■■ Therefore, when the parties agree that the vendor will sell five acres to the vendee, but have no particular five acres in mind, the court cannot, in good conscience, compel the vendor to sell five acres which it arbitrarily chooses to specify. Nor can the court entertain, in the specific performance action, parol evidence to the effect that the parties did, in fact, have a particular five acre tract in mind, as that would result in varying the express terms of the contract.[1] However, where it appears that the parties intended to convey a particular tract of land which was inadequately described in the memorandum, neither doctrine is compromised by allowing parol evidence to describe adequately the land in question and the subsequent order-

1. However, this may be both admissible and highly relevant in an action for reformation which calls for the court to use its equitable powers, not to compel performance of the existing contract, but to reform the contractual memorandum to conform to the true intention of the parties, when, in fact, that memorandum does not accurately reflect the prior intent of the parties.

ing of specific performance. In so doing, the court is neither rewriting the agreement of the parties nor adding nor varying its terms; rather, it is only compelling one party to do that which it has previously agreed to do but, for whatever reason, now refuses to so do.

The present case is somewhat different from the examples set forth above in that it is not clear from the face of the contract, at least in our opinion, whether or not the parties had a specific tract of land in mind which was the subject of the "option." The language of the "option" could be read simply as entitling the Turners to purchase an additional unspecified eight acres of land which would come from the land generally west and south and also be contiguous to the two acres containing the dwelling. The language of the option also could be read to refer to a specific eight acre tract which the parties already had in mind but which the parties had yet to precisely define or survey. In this sense alone, parol evidence would seem necessary to determine which of the two alternatives existed. If the parties had a specific tract in mind subject to the option provision, further parol evidence would be necessary to apply a more definite description of the land the parties had intended to transfer. However, if the parties had no specific tract in mind at the time of the agreement, the court would not be able to pick an eight acre tract itself and order conveyance of the same. Unfortunately, in this case, the parties' testimony in this regard was in conflict.

As previously indicated, the Turners' testified that the parties had always had a ten acre plot in mind. Hostetlers testified that only the two acre tract had been established and that no definite borders had been established or contemplated for the remaining eight acres. The testimony of Mr. Ogburn, who prepared the memorandum, was not much more conclusive, stating "I do think that they felt that they would not have any difficulty deciding where the location would be." As the testimony was conflicting, the trial judge was required to determine credibility and find the facts accordingly. However, this case is different from the

examples cited above in one other material respect, in that the memorandum allowed for the exact boundary lines to be mutually determined by the parties subsequent to the signing of the document.

As the previous discussion indicates, specific performance of a land sale contract is a valid remedy when the party with a duty to convey fails to do so, and when it is established that the parties intended that a specific tract of land be conveyed and the court can adequately determine its boundaries, thereby enabling the court to fashion the remedy. If, from the face of the memorandum, the description of the specific tract is ambiguous, parol evidence is available to show its boundaries. In the present case, as the parties allowed for the determination of the "exact boundaries" subject to the "option" subsequent to the signing of the memorandum, it would not be inconsistent with specifically enforcing the contract to order conveyance of the property as per the boundaries agreed to after the signing of the memorandum. Hence, if in fact the parties set boundaries after the date of signing, specific performance of this contract would be proper regardless of the parties' intentions with regard to specific boundaries to the tract at the time of signing the memorandum or the ambiguity of the language utilized in that memorandum. In this respect, the taking of testimony regarding a subsequent determination of the boundaries of the eight acre tract did not violate the parol evidence rule, because the contract called for such an event to take place, and because such testimony did not add to or vary the terms of the contract.

The trial judge found that the parties did subsequently determine the boundaries of the eight acres in question. At that time, giving effect to that factual finding, the obligation arose to convey the tract, as set by the parties, upon timely payment of the sales price which has been paid in full. Appellants' failure to convey resulted in the bringing of an action for specific performance and, considering the trial judge's finding, he was correct in ordering the tract to be conveyed. We realize that there

was conflicting testimony as to whether the boundaries had been set, but the trial judge resolved this fact in appellees' favor. We see no reason for disturbing this finding, as he was in the best position to determine such factual findings and such finding is supported by evidence of record. Accordingly, we affirm the order in question.[2]

Order affirmed.

ROWLEY, J., concurs in the result.

2. Appellants also argue that the trial court's finding that a 50 foot right-of-way had been intended to be conveyed rather than a 10 foot right-of-way was erroneous. However, for similar reasons as those discussed above, we find there was no error. The survey which was utilized in the sale and which brought rise to the dispute over the width of the right-of-way was capable of either interpretation offered by the opposing parties. Hence, the trial court was required to resolve the issue based on the evidence, and parol evidence was properly allowed as the contractual provisions were not unambiguous. We see no reason to reverse the trial court as to this finding.