## Volodarsky v. Sun Lake Homes Inc.

C.P. of Pike County, no. 70015-2004-Equity.

*Jeffrey G. Velander,* for plaintiffs.
*Ronald M. Bugaj,* for defendant.

THOMSON, *S.J.,* November 20, 2006—

## ORDER

And now November 20, 2006, a non-jury trial having been held on August 8, 2006, and in consideration of plaintiff's trial memorandum and defendant's brief regarding contested issues, the court hereby enters judgment in favor of the plaintiffs David Volodarsky and Yelena Volodarsky, as husband and wife, in the amount of $138,000.

To this order, the court adds the following opinion:

## I. FACTS AND PROCEDURAL HISTORY

On May 15, 2004, the plaintiffs, David Volodarsky and Yelena Volodarsky, toured lots at the Wild Acres Development in Delaware Township, Pike County, Pennsylvania. This tour was conducted by employees of the defendant, Sun Lake Homes Inc. During the tour, the Volodarskys were shown lots 42 and 43, block no. 1801, section 18, Wild Acres, Delaware Township, Pike County, Pennsylvania. It was explained to the plaintiffs by the defendant's employee, Jenny Prok, that lots 42 and 43 could be purchased together for the total price of $34,000. The plaintiffs agreed to purchase the lots together for the stated price of $34,000.

The agreement was memorialized in a document simply titled "Agreement" which was introduced into evidence as plaintiffs' exhibit 1. This agreement identified the seller as Sun Lake Homes Inc. of 8804 4th Avenue, Brooklyn, New York 11209. It also identified the buyers

as David Volodarsky and Yelena Volodarsky of 61 Valley Lane, East Valley Stream, New York 11581. The agreement states, "seller" agrees to sell and "buyer" agrees to buy, subject to the terms hereof, the following lot: lot no. 42+43, block no. 1801, section 18, located in Wild Acres, Delaware Township, County of Pike, Commonwealth of Pennsylvania recorded in the Office for the Recording of Deed of Pike County." The purchase price was clearly listed as $34,000 and the plaintiffs paid $200 as a "reservation fee" as consideration for the buy/sell agreement. The plaintiffs were prepared to pay for the lots in cash, and so, per the agreement. the closing was scheduled to be held at the Brooklyn office of Sun Lake Homes on May 19, 2004 at 6 p.m.

According to the manager of the defendant corporation, Darryl Fiume, he first became aware of the agreement when he saw said agreement laying on his desk on Monday morning. According to Mr. Fiume, he realized that Jenny Prok had made a mistake because these were "choice lots" and he would never sell them together for that price. He then phoned Mr. Volodarsky and told him that the sale could not go through for that price. According to the plaintiff, Mr. Fiume, told him that he would never sell the lots together for $34,000, but that Mr. Volodarsky could purchase one lot for $34,000 or both lots for $49,000. Mr. Fiume contends that he told the plaintiff that he could purchase both lots for $68,000 or the deal was off and his $200 check would be refunded.

Mr. Volodarsky testified that he informed Mr. Fiume that he would be contacting his attorney. Mr. Volodarsky told Mr. Fiume that if his attorney agreed that the agreement was valid then he wanted to proceed with the sale.

Mr. Fiume also testified that Mr. Volodarsky insisted that the deal go through and indicated that he would file a lawsuit if necessary. The defendant corporation, Sun Lake Homes Inc. then sent letters to Mr. Volodarsky stating that they would not go through with the sale. These letters were accompanied by a check in the amount of $200.

Ultimately, this action commenced with the filing of a complaint on June 29, 2004. A praecipe for lis pendens was also filed and served upon the defendant corporation on June 29, 2004. The praecipe for lis pendens incorrectly identified the property at issue as "lot 4243, block no. 1801, section 18, Wild Acres, Delaware Township, Pike County, Pennsylvania" instead of "lots 42+43." According to the testimony of Darryl Fiume, he was aware of the lawsuit pertaining to this property and he was aware of the praecipe for lis pendens relating to this property. Nevertheless, he sold the property anyway, because he determined with the advice of his counsel that the lis pendens was invalid as Wild Acres does not contain a lot 4243.

The plaintiff seeks the remedy of specific performance or in the alternative, treble damages pursuant to the Unfair Trade and Consumer Protection Law, 73 P.S. §201 et seq. The defendant argues that specific performance is impossible because the lots have since been sold. To verify the defendant's position, this court reviewed the deeds filed in the Recorder of Deeds in Pike County relative to the aforementioned lots. A court may take judicial notice at any stage in the proceeding whether requested or not of any fact not subject to reasonable dispute and "capable of accurate and ready determination

by resort to sources whose accuracy cannot reasonably be questioned." Pa.R.E. 201 (2006).

A review of these deeds reveals that Sun Lakes Homes did not actually have title to lot 43, block 1801, section 18 as shown on the plan of Wild Acres in the Recorder of Deeds Office of Pike County, Pennsylvania at the time of the agreement with the plaintiff. Rather, this lot was actually owned by SCF Properties Inc. of 108 West Catherine Street, Milford, PA. SCF Properties Inc. purchased the lot from the Pike County Tax Claim Bureau via deed dated July 2, 2003. SCF Properties Inc. through its attorney-in-fact, Darryl Fiume, then sold this property to Andrey Silov, c/o SCF Properties Inc., of 108 West Catherine Street, Milford, PA for $40,000 via deed dated August 16, 2005.

Sun Lake Homes Inc. did have title to lot 42, block 1801, section 18 as shown on the plan of Wild Acres in the Recorder of Deeds Office of Pike County, Pennsylvania. This lot was also purchased from the Pike County Tax Claim Bureau on July 2, 2003. Sun Lake Homes Inc. through its attorney-in-fact, Darryl Fiume, then sold this property to Valentina Klubuk, c/o Sun Lake Homes Inc. of 8808 4th Avenue, Brooklyn, NY for $40,000 via deed dated July 12, 2006. The court notes that this sale was made more than two years after the plaintiff filed the complaint and the praecipe for lis pendens. In fact, this sale was made less than a month before the non-jury trial was scheduled to take place pertaining to the lot that was sold.

## II. CONCLUSIONS OF LAW AND ANALYSIS

A writing pertaining to the sale of real property satisfies the statute of frauds, 33 P.S. § 1 et seq. if it describes

the property, sets forth the price, and is signed by the seller. *Suchan v. Swope,* 357 Pa. 16, 53 A.2d 116 (1947). An agreement of sale must be definite as to all the essential terms. *Kelly v. Rhodes,* 279 Pa. Super. 477, 421 A.2d 299 (1980). The description of the property must be such that the court can determine what the parties intended to convey. *Turner v. Hostetler,* 359 Pa. Super. 167, 518 A.2d 833 (1986).

The agreement presented as plaintiffs' exhibit 1 satisfies the statute of frauds in that it describes the property as "lot no. 42+43 block no. 1801, section 18 located in Wild Acres, Delaware Township, County of Pike, Commonwealth of Pennsylvania." Further, the agreement sufficiently identifies the price as "$34,000" with a deposit received in cash of "$200" and the total "balance of the down payment to be paid at the closing of $33,800." This agreement is also signed both by the plaintiffs and by a representative of the defendant corporation.

However, while the agreement is definite in all its essential terms, it is signed by a purported seller, the defendant corporation, who did not actually have title to lot 43. Thus, the defendant corporation entered into what would otherwise be a valid contract for the sale of real property in an attempt to sell land that it did not actually own. Further, the defendant corporation and the true owner of lot 43, SCF Properties Inc., through their respective attorney-in-fact, Darryl Fiume, have both sold the lots in question following the filing of the praecipe for lis pendens.

The court seriously questions the validity of these later sales and the "innocence" of the third-party buyer as both properties were sold to buyers with addresses "c/o" the seller; but, because the current owners of lots

42 and 43 were not made parties to this action, the court finds that specific performance is not an appropriate remedy in this case. See *Wilson v. King of Prussia Enterprises Inc.*, 422 Pa. 128, 132, 221 A.2d 123, 125-26 (1966).

Nevertheless, the court believes that the plaintiff is entitled to be compensated for the actions of the defendant corporation. A party is entitled to compensation under the "catch-all" provisions of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, if a party engages "in any other fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding." 73 P.S. §201-2(4)(xxi).

The catch-all provisions of the Unfair Trade Practices and Consumer Protection Law apply if the elements of fraud have been established by the plaintiff. In order to maintain a cause of action for fraud, the plaintiff must allege that (1) the defendant corporation made a material representation that was false, (2) with knowledge of its falsity or recklessness as to whether it was true or false, (3) with the intent of misleading the plaintiff into relying on it, and (4) the plaintiff actually did rely on the misrepresentation to his detriment. *Bortz v. Noon,* 556 Pa. 489, 499, 729 A.2d 555, 560 (1999).

Here, the plaintiff has proven the elements of fraud on the part of the defendant corporation. The defendant corporation not only misrepresented the price that it would accept for the property, it also misrepresented that it owned one of the lots. The defendant corporation entered into a contract for the sale of two lots for the price of $34,000 with no intention of honoring the agreement. Further, pursuant to the agreement, the seller agreed that it would "withdraw the property from inventory and will

not offer it for sale to the third party." The plaintiff relied upon this representation to its detriment. Not only did the defendant corporation sell the property in violation of the agreement, it sold the property with actual knowledge that a praecipe for lis pendens had been filed relating to the property and sold the property at issue merely three weeks before the non-jury trial relating to the sale of this property was scheduled to take place.

The actions of the defendant corporation display a pattern of fraudulent conduct and a blatant disregard for the laws of this Commonwealth that this court finds detestable. As such, the court finds that the plaintiff is entitled to treble damages pursuant to Pennsylvania's Unfair Trade Practices and Consumer Protection Act.

## III. CALCULATION OF DAMAGES

It has been long-standing in Pennsylvania that "a vendee in a contract for the sale of land may recover as damages the loss of his bargain if his contract is in writing, and the vendor in bad faith refuses to convey." *Seidlek v. Bradley,* 293 Pa. 379, 383, 142 A. 914, 916 (1928); *Frey v. Nakles,* 380 Pa. 616, 622, 112 A.2d 329, 332 (1955). Bad faith exists where the defendant refuses to convey land despite a written contract because the defendant "wants more money" for the property. *Delvitto v. Schiavo,* 370 Pa. 299, 304, 87 A.2d 913, 915 (1952).

Per the written sales agreement between the parties, had the sale of lots 42 and 43 commenced, the plaintiff would have paid $34,000 for both lots 42 and 43. Per the testimony of Darryl Fiume, these were "choice lots" whose actual value was $34,000 per lot, or $68,000 for both lots. In order to determine the damages awardable

to the plaintiff, the court must determine the fair market value of these lots. As stated above, each lot was recently sold for $40,000. Thus, the fair market value of both lots is $80,000. As the plaintiffs were prepared to pay $34,000 for both lots, they would have enjoyed a benefit from the agreement in the amount of $46,000.

Further, the defendant corporation sold lot 42 just three weeks before the non-jury trial was scheduled in this matter with full knowledge that the plaintiff requested specific performance of the agreement of sale. The court finds these actions to be a blatant attempt on the part of the defendant corporation to circumvent the plaintiffs' ability to obtain specific performance. The court believes that such arrogance in the face of the laws of this Commonwealth warrants an award of treble damages pursuant to 73 P.S. §201-9.2(a).

Wherefore, the court finds for the plaintiff in the amount of $138,000.