J-A26006-20

2021 PA Super 6

| | | |
|---|---|---|
| JASON MATTHEWS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIE INSURANCE GROUP | : | No. 754 EDA 2020 |

Appeal from the Order Entered January 24, 2020
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): No. 190607272

BEFORE: BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.*

OPINION BY BENDER, P.J.E.: **FILED JANUARY 12, 2021**

Appellant, Jason Matthews, appeals from the trial court's order sustaining Appellee's, Erie Insurance Group ("Erie"), preliminary objections to venue, and transferring the matter from the Court of Common Pleas of Philadelphia County to the Court of Common Pleas of Bucks County.[1] We affirm.

The trial court summarized the background of this case as follows:

This matter arises from an April 15, 2017[] motor vehicle accident. Appellant … was operating a motor vehicle insured by [Erie], under a policy issued to Ion Construction, Inc. [Appellant] was a

_____

* Former Justice specially assigned to the Superior Court.

[1] "An appeal may be taken as of right from an order in a civil action or proceeding changing venue, transferring the matter to another court of coordinate jurisdiction, or declining to proceed in the matter on the basis of *forum non conveniens* or analogous principles." **See** Pa.R.A.P. 311(c).

named insured under the policy.[2] [Appellant] asserts that Ion Construction, Inc., never rejected underinsured motorist ("UIM") coverage, and therefore the policy should be reformed to include UIM benefits.

The original complaint in this non-jury action was filed [on] June 27, 2019.

On August 22, 2019, a declaratory judgment action relating to this same matter was filed in the Bucks County Court of Common Pleas (Case No. 2019-05936).

On November 25, 2019[,] Erie filed timely preliminary objections to [Appellant's] Third Amended Complaint, seeking, *inter alia*, transfer of the case to the Bucks County Court of Common [Pleas] due to improper venue.

On January 24, 2020, upon consideration of Erie's preliminary objections, [Appellant's] response thereto, a reply and sur[-]reply, the court sustained the preliminary objections to venue and transferred the case to the Bucks County Court of Common Pleas, reserving the other preliminary objections for determination by that court.

[Appellant] filed a timely notice of appeal on February 20, 2020.[3]

Trial Court Opinion ("TCO"), 5/22/20, at 1-2.

In sustaining Erie's preliminary objections as to venue and transferring the matter to Bucks County, the trial court discerned that reformation of the contract to provide for UIM coverage must also include the forum selection

_____

[2] This is a misstatement. Appellant "was operating a vehicle listed on a policy of insurance issue[d] to non-party, Ion Construction, Inc., as the sole named insured." Erie's Preliminary Objections to Third Amended Complaint, 11/26/19, at ¶ 2 (citation omitted); Appellant's Response to Erie's Preliminary Objections, 12/2/19, at ¶¶ 1-8 (admitting this allegation); **see also id.** at ¶ 15 (admitting that the named insured on the at-issue policy was Ion Construction, Inc., which is headquartered in Bucks County).

[3] The trial court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

provisions that would have accompanied such coverage in the absence of an invalid waiver. TCO at 2.[4] The trial court also considered that a declaratory judgment action relating to this same matter was being litigated in the Bucks County Court of Common Pleas, and noted the risk of inconsistent rulings. *Id.* at 3.

Presently, Appellant raises a single issue for our review:

[W]hether the trial court erred or otherwise abused its discretion when it ruled that [Erie] could enforce a forum selection clause to transfer venue that uncontrovertibly was not contained in the original insurance contract without any legal authority to support a reformation of the contract to include such a clause.

Appellant's Brief at 5.

At the outset, we acknowledge:

[A] trial court's decision to transfer venue will not be disturbed absent an abuse of discretion. An abuse of discretion occurs when the trial judge overrides or misapplies the law, or exercises judgment in a manifestly unreasonable manner, or renders a decision based on partiality, prejudice, bias, or ill-will. Additionally, a plaintiff's choice of forum is to be given great weight, and the burden is on the party challenging the choice to show it was improper[;] … however, a plaintiff's choice of venue is not absolute or unassailable. If there exists any proper basis for the trial court's decision to grant a petition to transfer venue, the decision must stand.

***Bilotti-Kerrick v. St. Luke's Hosp.***, 873 A.2d 728, 729-30 (Pa. Super. 2005)

(internal citations and quotation marks omitted).

---

[4] Specifically, in Erie's preliminary objections, it stated that, had Ion Construction, Inc., elected UIM benefits, a forum selection clause would have provided that Appellant must bring suit in a court of competent jurisdiction in the county and state of Ion Construction, Inc.'s legal domicile at the time of the accident, which was Bucks County. ***See*** Erie's Preliminary Objections to Appellant's Third Amended Complaint at 4-5.

Appellant's arguments center around 75 Pa.C.S. § 1731, which provides in relevant part, the following:

> **(a) Mandatory offering.--**No motor vehicle liability insurance policy shall be delivered or issued for delivery in this Commonwealth, with respect to any motor vehicle registered or principally garaged in this Commonwealth, unless uninsured motorist and underinsured motorist coverages are offered therein or supplemental thereto in amounts as provided in section 1734 (relating to request for lower limits of coverage). Purchase of uninsured motorist and underinsured motorist coverages is optional.
>
> ***
>
> **(c) Underinsured motorist coverage.--**Underinsured motorist coverage shall provide protection for persons who suffer injury arising out of the maintenance or use of a motor vehicle and are legally entitled to recover damages therefor from owners or operators of underinsured motor vehicles. The named insured shall be informed that he may reject underinsured motorist coverage by signing the following written rejection form….
>
> **(c.1) Form of waiver.--**Insurers shall print the rejection forms required by subsections (b)[, which pertains to uninsured motorist coverage,] and (c) on separate sheets in prominent type and location. The forms must be signed by the first named insured and dated to be valid. The signatures on the forms may be witnessed by an insurance agent or broker. ***Any rejection form that does not specifically comply with this section is void. If the insurer fails to produce a valid rejection form, uninsured or underinsured coverage, or both, as the case may be, under that policy shall be equal to the bodily injury liability limits.*** On policies in which either uninsured or underinsured coverage has been rejected, the policy renewals must contain notice in prominent type that the policy does not provide protection against damages caused by uninsured or underinsured motorists. Any person who executes a waiver under subsection (b) or (c) shall be precluded from claiming liability of any person based upon inadequate information.

75 Pa.C.S. § 1731 (emphasis added).

Appellant argues that reformation of the contract to include UIM benefits is the sole remedy for failure to comply with Section 1731(c.1), and asserts that Section 1731(c.1) does not permit Erie to include additional contractual provisions that had not been contained in the original insurance policy, such as its forum selection clause. Appellant's Brief at 13, 14. Appellant contends that "[t]here is no authority in Pennsylvania whatsoever for the inclusion of any other language, provisions, clauses or coverages to be retroactively included in a policy of insurance to remedy the failure of an insurer to produce a validly signed UIM rejection form." **Id.** at 13. In support of his argument, he cites to the case **DeSilva v. Kemper Nat'l Ins. Co.**, 837 F.Supp. 98 (E.D. Pa. 1993), explaining that the court in that case rejected the plaintiff's argument that, even though the original policy at issue did not have an arbitration clause, the policy should be reformed to include an arbitration clause because the defendant's "standard" provision for UIM coverage would have contained one. **See** Appellant's Brief at 14-15.[5] Here, Appellant says that Erie sets forth an argument similar to the plaintiff's rejected claim in **DeSilva**; that is, because Appellant is seeking reformation of the policy to include UIM coverage under Section 1731(c.1), venue should be transferred to Bucks County, as Erie's standard UIM Endorsement, which was not

---

[5] We are not bound by **DeSilva**. **See, e.g.**, **Efford v. Jockey Club**, 796 A.2d 370, 374 (Pa. Super. 2002) (noting that decisions of the federal district courts are not binding on Pennsylvania courts) (citation omitted).

contained in the original policy, would have had a forum selection clause requiring Appellant to file suit in Bucks County.  ***Id.*** at 15-16.

In addition, Appellant contends that "the trial court's decision in essentially reforming the subject contract to include the forum selection clause … was completely premature since any argument that a UIM endorsement should be included in the subject contract would only … be ripe **once there was reformation to actually include the UIM coverage**."  ***Id.*** at 17 (emphasis in original).  He claims that, "[s]hould the trial court ultimately determine that UIM coverage should not be afforded, any argument about the inclusion of a UIM endorsement is moot.  In fact, if there is determination that there is no UIM coverage, the underlying case is over."  ***Id.***  Appellant also complains that, "[d]espite acknowledging that the requirement for reformation of an insurance contract in the case of an invalid UIM waiver is dictated by Section 1731(c.1), the trial court applied common law equity to its decision to reform the policy to include [Erie's] proposed forum selection clause."  ***Id.***  He advances that "[a]rbitrarily deciding that common law reformation to include [Erie's] proposed forum selection clause is warranted prior to an actual determination that UIM coverage exists, and using that clause to form the basis for a transfer of venue to Bucks County[,] is improper."  ***Id.*** at 19.  Finally, Appellant maintains that "venue in Philadelphia County is appropriate as [Erie] regularly conducts business in Philadelphia[,] and there is no forum selection clause contained in the applicable policy that would mandate that the case be transferred to Bucks County."  ***Id.***

In determining that the case should be transferred to Bucks County, the trial court explained:

> Assuming, as we must for the purposes of these preliminary objections, that [Appellant] is correct that there was no valid waiver of UIM coverage by Ion Construction, Inc., this case presents the question of whether reformation of the contract to provide for such coverage must also include the forum selection provisions which would have accompanied such coverage in the absence of a waiver.
>
> While the requirement for reformation of the contract in the case of an invalid waiver is dictated by statute (75 Pa.C.S. § 1731(c.1)), the remedy of reformation remains essentially an equitable one: "[A]n action for reformation which calls for the court to use its equitable powers, not to compel performance of the existing contract, but to reform the contractual memorandum to conform to the true intention of the parties…[.]" **Turner v. Hosteler**, … 518 A.2d 833[, 836 n.1] (Pa. Super. 1986).
>
> Here, [Appellant] seeks to have his cake of UIM coverage, and eat it, too, by avoiding the forum selection requirement that would have accompanied such coverage in the absence of the invalid waiver. Even accepting the facts averred in [Appellant's] third amended complaint as true, there is no basis from which to conclude that Erie engaged in misconduct regarding the UIM waiver. Rather, if there was an invalid waiver, it appears to have been the fruit of conflating policies involving two companies with similar names and related principles [*sic*] with the same last name and intertwined business relationships, served by the same insurance broker: Ion Construction, Inc., whose single member is Alexander Matthews ([Appellant's] son, who was also an independent contractor for Ion Construction, LLC), and Ion Construction, LLC, whose single member is Jason Matthews, the instant [Appellant] (who is also an employee of Ion Construction, Inc.).
>
> The matter is further complicated by the risk of inconsistent rulings. There is an existing declaratory judgment action in the Bucks County Court of Common Pleas, involving the very policy and UIM coverage at issue in this case.
>
> Under all these circumstances, interaction of the UIM statute, the principles of reformation and the rules of civil procedure relating

to venue,[1] require restoring the parties to where they would have been absent the UIM waiver, which is deemed invalid for the purposes of preliminary objections. That restored status includes the forum selection clause that would have accompanied the UIM coverage. Accordingly, transfer to Bucks County was appropriate.

> [1] Pursuant to Pa.R.C[].P. 1006(e), claims of improper venue are raised by preliminary objection, which if sustained, result in transfer to a county of proper venue, if available. *See* Pa.R.C[].P. 2179(b).

TCO at 2-3 (internal citation omitted).

In addition to the trial court's reasoning, we find persuasive Erie's argument that,

> Appellant's position strives to provide greater coverage to individuals that *didn't* purchase … UIM coverage than to those that *did*. Specifically, Appellant does not dispute that the standard Erie … UIM endorsement contains a forum choice selection clause that limits venue to the location where the named insured resides. Thus, for individuals that *do* purchase … UIM coverage, venue is so limited. Appellant's position urges greater benefits to individuals that *don't* purchase … UIM coverage, but nevertheless argue, whether successfully or not, that they are entitled to same because they allegedly requested it and intended for it to be a part of the policy. This yet again underlines the impropriety of Appellant's argument herein, as the trial [c]ourt properly recognized.

Erie's Brief at 14-15 (emphasis in original). Erie also discerns that, if Appellant's position were accepted, "[t]he policy would simply provide … UIM coverage without provisions as to whom said coverage is provided, under what circumstances, within which limitation and subject to what conditions." *Id.* at 14. Erie says this position would lead to "unfettered coverage" and absurd results. *Id.* at 13. It maintains that "there is no dispute that if the policy were to be reformed, it would include a forum selection clause which would require the matter to be litigated in Bucks County[,]" and insists that "if any

- 8 -

contract is to be reformed, it must be subject to the terms and provisions as the parties would have intended." *Id.* at 7.[6] Erie says that, "[g]iven that Appellant's position is that he *is* entitled to … UIM coverage under the subject Erie policy, he *must* be bound by the forum choice selection clause associated with such coverage." *Id.* at 17 (emphasis in original).

Pursuant to the applicable standard of review and based on the arguments before us, Appellant has not convinced us that the trial court abused its discretion in transferring the case to Bucks County. The trial court provided a rational explanation for its determination, and Erie proffers compelling reasons for why the trial court's decision should stand. Furthermore, Appellant does not point us to, and discuss, any authority to demonstrate that the trial court committed legal error in reaching its decision, aside from Section 1731 and *DeSilva*, which is not binding on us.[7]

Section 1731(c.1) sets forth that a non-compliant UIM rejection form is void and, in the event of an invalid waiver, UIM coverage shall be equal to the bodily injury liability limits under the policy; thus, nothing on the face of the statute precludes the trial court from reforming the policy in other ways. Here, Appellant claims that Ion Construction, Inc., did not validly waive UIM coverage. As such, the trial court reformed the policy to provide Ion

---

[6] Erie also discerns that Appellant does not challenge that forum selection clauses are permitted in insurance policies. Erie's Brief at 10 n.4.

[7] Under the circumstances of this case, we decline to follow *DeSilva*.

Construction, Inc., with the UIM benefits it would have otherwise received — which would have included the at-issue forum selection clause.[8]

We also reject Appellant's argument that the trial court's decision to transfer venue was premature because it had not yet determined if UIM coverage should even be afforded to Appellant. Initially, Appellant does not indicate where he raised this argument below, and our review of the record does not demonstrate that he did so. *See* Pa.R.A.P. 2117(c) (requiring, where an issue is not reviewable on appeal unless raised or preserved below, a statement of place of raising or preservation of issues); Pa.R.A.P. 2119(e) ("Where under the applicable law an issue is not reviewable on appeal unless raised or preserved below, the argument must set forth, in immediate connection therewith or in a footnote thereto, either a specific cross-reference to the page or pages of the statement of the case which set forth the information relating thereto as required by Pa.R.A.P. 2117(c), or substantially the same information."); Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). "Our appellate courts have long held that an [appellant] who does not follow Pa.R.A.P. 2117(c) and Pa.R.A.P. 2119(e) waives the related issues due to the defects in

_____

[8] Again, Appellant makes no argument in his brief challenging Erie's claim that its standard UIM endorsement contains a forum selection clause that limits venue to the location where the named insured resides. *See In re M.Z.T.M.W.*, 163 A.3d 462, 465 (Pa. Super. 2017) ("It is well-settled that this Court will not review a claim unless it is developed in the argument section of an appellant's brief, and supported by citations to relevant authority.") (citations omitted).

his brief." ***Young v. S.B. Conrad, Inc.***, 216 A.3d 267, 274 (Pa. Super. 2019). "[I]t is not the responsibility of this Court to scour the record to prove that an appellant has raised an issue before the trial court, thereby preserving it for appellate review." ***Commonwealth v. Baker***, 963 A.2d 495, 502 n.6 (Pa. Super. 2008) (citations omitted). Nevertheless, even if not waived, it makes sense to transfer the matter now in the interests of judicial economy. Moreover, Appellant does not address the trial court's concern about inconsistent rulings, given that an action regarding the same legal issue is being litigated in Bucks County.[9] Accordingly, based on the foregoing, we affirm the trial court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/12/2021

---

[9] ***See In re M.Z.T.M.W.***, ***supra***.

- 11 -